# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYEDA ABDULLAH ALAWI, et al., | Case No. 1:20-cv-00608-NONE-SAB |
| Plaintiffs, | ORDER GRANTING PETITION AND APPOINTING FAYEDA ABDULLAH ALAWI AS GUARDIAN AD LITEM FOR PLAINTIFF G.S.A.A. |
| v. | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), et al., | (ECF Nos. 10, 11) |
| Defendants. | |

On April 8, 2020, Plaintiffs filed this action seeking declaratory relief, injunctive relief, and a writ of mandamus, pertaining to claims of violations of immigration law. (ECF Nos. 1, 2.) On June 25, 2020, the Court continued the mandatory scheduling conference and ordered that a petition for the appointment of a guardian ad litem for Plaintiff G.S.A.A. be filed. (ECF No. 10.)[1] On June 30, 2020, Plaintiff Fayeda Abdullah Alawi ("Fayeda") filed a petition to be appointed guardian of her minor child G.S.A.A. pursuant to Federal Rule of Civil Procedure 17. (ECF No. 11.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c)(1). If the minor or incompetent person "does not have a duly appointed representative,"

---

[1] While the Court's previous order used the acronym G.S.A.S., the petition uses the acronym G.S.A.A., and the Court shall employ the Plaintiff's identifier.

1

they "may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in the action." Id. This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

The Court has reviewed the petition of Plaintiff Fayeda for appointment as guardian ad litem, and the supporting sworn declaration in support of the petition. (ECF No. 11 at 1-6.) Fayeda is the biological mother and petitioner for the I-130 before this Court for G.S.A.A. (Id. at 2.) Fayeda has retained counsel and filed this action to aid her and G.S.A.A. in resolving an alleged wrongful revocation of Fayeda's citizenship and wrongful delay in adjudicating G.S.A.A.'s I-130 petition, which is delaying G.S.A.A.'s ability to come to the United States. (Id. at 3.) Fayeda was separated from G.S.A.A. at birth by G.S.A.A.'s father, and since the father's

death, Fayeda has sought to take G.S.A.A. out of the warzone in Yemen by filing the I-130 petition on G.S.A.A.'s behalf.  (Id.)  Fayeda argues her and G.S.A.A.'s interests are not in conflict, but identical, as Fayeda complains of a wrongful revocation of her certificate of naturalization which has impacted and delayed the interrelated processing of G.S.A.A.'s I-130 petition.  (Id.; Decl. Fayeda Abdullah Alawi ("Fayeda Decl.") ¶ 3, ECF No. 11 at 5-6.)

Fayeda declares that at the age of 15, her ex-husband took G.S.A.A. and divorced Fayeda when G.S.A.A. was one week old, and that in Yemen, the father automatically remains the legal guardian after a divorce.  (Fayeda Decl. ¶ 5-6.)  Fayeda declares that after she was informed that her ex-husband was murdered and is now deceased, she filed the I-130 petition on behalf of her daughter G.S.A.A., because all of her family is in the United States, and states her ex-husband does not have family in Yemen.  (Fayeda Decl. ¶ 7.)  Fayeda states G.S.A.A. is stranded in a warzone with no one to take care of her.  (Id.)

While Fayeda has not been the legal guardian of G.S.A.A. under the laws of Yemen, where G.S.A.A. resides, the Court finds that based on the facts presented in the petition and supporting declaration, Fayeda's interests are aligned with G.S.A.A.'s for the purposes of this litigation, and does not find any apparent conflict of interest that would preclude Fayeda from acting as guardian ad litem in this action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Fayeda Abdullah Alawi is appointed guardian ad litem for minor Plaintiff G.S.A.A.

IT IS SO ORDERED.

Dated:  **July 1, 2020**

UNITED STATES MAGISTRATE JUDGE