1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  FAYEDA ABDULLAH ALAWI, | )  Case No.: 1:20-cv-00608-JLT-SAB |
| 12              Plaintiff, | )  ORDER GRANTING DEFENDANTS' |
| 13       v. | )  MOTION TO DISMISS FOR LACK OF |
| | )  JURISDICTION |
| 14  U.S. CITIZENSHIP AND IMMIGRATION | ) |
|     SERVICES (USCIS), et al., | ) |
| 15 | )  (Doc. 53) |
| 16              Defendants. | ) |

17          Fayeda Abdullah Alawi brings the instant action against U.S. Citizenship and Immigration

18  Services; Tracy Renaud, Acting Director of USCIS; Lynn Q. Feldman, Fresno Field Office Director,

19  USCIS; Monica Toro, Fresno District Director, USCIS; U.S. Department of Homeland Security; and

20  U.S. Department of State.[1] Plaintiff alleges Defendants denied her rights and privileges as a U.S.

21  national in violation of 8 U.S.C. § 1503(a), 8 C.F.R. § 342.4, and the Due Process Clause of the Fifth

22  Amendment to the U.S. Constitution. (Doc. 50 at ¶¶ 53-94.) Plaintiff seeks judicial declaration of her

23  U.S. nationality and of Defendants' alleged regulatory, statutory, and Constitutional violations. (*Id*. at

24  ¶¶ 95-98, prayer.)

25          Defendants contend Plaintiff's claims are moot. (Doc. 53.) As such, Defendants seek dismissal

26
27

---

[1] Kenneth T. Cuccinelli, Acting Director of USCIS; National Visa Center; and U.S. Embassy, Djibouti were originally
named as Defendants. (Doc. 2.) These Defendants were not named in Plaintiffs' first amended complaint. (Doc. 50.)
Accordingly, these Defendants are hereby **DISMISSED** from the action.

28

1

of the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, asserting the Court lacks subject matter jurisdiction and Plaintiff fails to state a claim upon which relief may be granted. (*Id*. at 2.) Plaintiff opposes the motion, asserting her claims are not moot. (Doc. 56.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, Defendants' motion to dismiss for lack of jurisdiction is **GRANTED**.

## I.      Background and Allegations

Plaintiff alleges she was born outside of the United States and was admitted to the United States as a lawful permanent resident on August 21, 2004, at which point she automatically acquired citizenship pursuant to 8 U.S.C. § 1431(a). (Doc. 50 at ¶¶ 37, 57, 62, 65.) Plaintiff asserts her N-600 (Application for Certificate of Citizenship) was approved and she was issued a Certificate of Citizenship on December 16, 2005. (*Id*. at ¶ 39.) Plaintiff alleges she subsequently received a Notice of Intent to Cancel Certificate of Citizenship from Defendant Toro[2] on May 26, 2017. (*Id*. at ¶ 74.) The Notice explained that Plaintiff did not meet the criteria for a "child" as defined in section 101(c)(1) of the Immigration and Nationality Act ("INA") and as required under INA § 320. (Doc. 50-1 at 32-33.) Plaintiff asserts that through counsel, Plaintiff requested a personal hearing via e-mail to Feldman on June 5, 2017, and via letter to DHS on October 3, 2017. (Doc. 50 at ¶¶ 42-44.) Plaintiff alleges that on August 16, 2019, USCIS cancelled her Certificate after intentionally not scheduling a hearing. (*Id*. at ¶¶ 45, 85.)

Plaintiff filed this action on April 28, 2020. (Doc. 50 at ¶ 46.) Plaintiff asserts that in response, on August 13, 2020, USCIS nullified the August 16, 2019 cancellation and reaffirmed the N-600 approval from December 16, 2005. (*Id*. at ¶¶ 7, 47.) The order states, in relevant part:

> In Islamic jurisprudence, there are two types of divorces: revocable (*raj'i*) and irrevocable (*ba'in*). Revocable divorce means that the husband has the right to take back the wife during the three-menstrual cycle waiting period (*'idda*) that follows all consummated marriages. In irrevocable divorces, by contrast, he does not have this right. However, following the end of the waiting period from a revocable divorce, the divorce would then be considered irrevocable,
> if the husband did not take his wife back during that period. (*When Does a Revocable Divorce Become Final?*, DAR AL-IFTA AL-MISSRIYYAH, https://www.daralifta.org/Foreign/ViewFatwa.aspx?ID=6112 (The Law Library of

---

[2] The Notice of Intent letter appears to be signed by Defendant Feldman. (Doc. 50-1 at 33.)

Congress USCIS Request No. 139 dated March 26, 2014.) Due to the lack of probative evidence to show that the husband has not exercised his right to take the wife back during the waiting period, USCIS in practice only accepts irrevocable divorces from Yemen for immigration cases.

Although you did not submit an irrevocable divorce with any of your filings, based on your declaration regarding the circumstances under which your divorce took place, your age at the time, the fact that Salah Ali Saleh Kessem did not revoke the divorce during the waiting period and the fact that your ex-husband passed away on December 29, 2005, it is *plausible* that your revocable divorce, by the passage of time, became irrevocable at the completion of the three month waiting period. In light of your unique facts, USCIS *now accepts* your divorce as sufficient evidence that you qualify as an unmarried child of a U.S. citizen and would qualify for Certificate of Citizenship after entry of the United States.

(Doc. 50-1 at 47 (emphasis added).) Plaintiff asserts the use of the word "plausible" suggests that USCIS does not view the decision as final and that Defendants have failed to meet their heavy burden of making it "absolutely clear" Plaintiff's Certificate will not be cancelled in the future, such as when the Court is not looking over USCIS' shoulder. (Doc. 50 at ¶¶ 6-8.) Plaintiff further alleges that the language indicates that USCIS presently considers Plaintiff was a "child" for these purposes, "but leaves open the possibility of reconsidering in the future." (*Id*. at ¶ 6.)

Based upon these allegations, Plaintiff seeks a declaration that by cancelling Plaintiff's Certificate absent a hearing and issuing ambiguous orders, Defendants have "severally and jointly violated federal regulations, federal statute, and [Plaintiff's] due process rights." (*See* Doc. 50 at ¶¶ 96-97.) Plaintiff also seeks a declaration that she is a U.S. citizen pursuant to 8 U.S.C. § 1431(a). (*Id*. at ¶ 97.) On September 13, 2021, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint. (Doc. 53.) Plaintiff filed an opposition on November 16, 2021 (Doc. 56) and Defendants filed a reply on November 19, 2021. (Doc. 57.)

## II.    Motion to Dismiss under Rule 12(b)(1)

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v.*

3

1  *General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*,

2  447 F.3d 1248, 1250 (9th Cir. 2006).

3      Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a

4  claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may

5  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

6  existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics

7  Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a]

8  jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by

9  presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

10  2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Ninth Circuit explained:

11  
12          In a facial attack, the challenger asserts that the allegations contained in a complaint
        are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual
        attack, the challenger disputes the truth of the allegations that, by themselves,
13          would otherwise invoke federal jurisdiction.

14  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). On a motion to dismiss under

15  Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the

16  jurisdictional challenge.

17      If a defendant presents a *facial* challenge to jurisdiction, the Court must presume the truth of

18  the plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557

19  F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036,

20  1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The Court should not "assume the truth

21  of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining

22  Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). However, the Court "may review evidence beyond

23  the complaint without converting the motion to dismiss into a motion for summary judgment" when

24  resolving a facial attack. *Safe Air*, 373 F.3d at 1039.

25      On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the

26  Court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850

27  F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. If a

28  moving party presents a factual attack motion, "the party opposing the motion must furnish affidavits

4

or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). Thus, the burden of proof remains with a plaintiff, who has "an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

Plaintiff seeks a judicial declaration pursuant to 8 U.S.C. § 1503 and 28 U.S.C. § 2201. (Doc. 50 at ¶ 97, prayer.) Defendants contend the Court lacks jurisdiction over Plaintiff's first cause of action under 8 U.S.C. § 1503, as there was no "final administrative denial" in this matter. (Doc. 53 at 3.) Defendants also argue Plaintiff's allegations of procedural issues related to prior orders are moot. (*Id*.) Finally, Defendants assert Plaintiff's claim for declaratory relief under 28 U.S.C. § 2201 is moot because Plaintiff seeks the same relief she has already obtained. (*Id*. at 3-4.) Because Defendants limit their jurisdictional arguments to the allegations in the complaint, Defendants make a facial challenge to the Court's jurisdiction. *See Safe Air*, 373 F.3d at 1038.

### A.      8 U.S.C. § 1503

Plaintiff's first cause of action is a denial of rights and privileges as a U.S. national under 8 U.S.C. § 1503(a). (Doc. 50 at ¶¶ 53-70.) Section 360 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1503, states in pertinent part:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the *final administrative denial* of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a) (emphasis added). The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in part:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Defendants argue that "subsection 1503(a) precludes a declaratory action in this case because 'no department, agency, or official thereof has denied plaintiff's claim that she is a United States citizen . . . Without such a finding, there is no final administrative denial of the right or privilege of U.S. citizenship. And without that denial, there is no basis for a declaratory action under subsection 1503(a).'" (Doc. 53 at 3 (quoting *Said v. Eddy*, 87 F. Supp. 2d 937, 940 (D. Alaska 2000)).) As such, because there was a final *approval* as opposed to a final denial, Defendants argue there is no jurisdiction. (*Id.*)

It is clear a final administrative denial is required for a court to have jurisdiction under § 1503(a). *See Fletes-Mora v. Brownell*, 231 F.2d 579, 581 (9th Cir. 1955) (finding no jurisdiction where the plaintiff failed to allege complaint was filed within five years after final administrative denial); *see also Ortega-Morales v. Lynch*, 168 F. Supp. 3d 1228, 1235 (D. Az. 2016) ("[i]n § 1503(a), Congress expressly made finality a prerequisite to judicial consideration"); *Said v. Eddy*, 87 F. Supp. 2d 937, 940 (D. Alaska 2000) (finding where there is no final administrative denial, "there is no basis for a declaratory action under subsection 1503(a)"); *Lew Hsiang v. Brownell*, 234 F.2d 232, 233 (7th Cir. 1956) ("Without the requisite statutory denial in hand when plaintiffs filed their petition, for declaratory judgment, that jurisdictional defect tainted the proceeding."). Furthermore, denial of an N-600 application for Certificate of Citizenship prompts an action under § 1503(a). *Ortega-Morales*, 168 F. Supp. 3d at 1234 (citing *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007)).

What is less clear is whether a cancellation followed by nullification and reaffirmation of approval constitutes a "final" administrative denial. Toward this end, *Ortega-Morales* is instructive:

Where the statute [§ 1503] does not define "final," the "more general doctrine of finality in administrative agency law" applies. *Indus. Customers of Nw. Utilities v. Bonneville Power Admin.*, 408 F.3d 638, 645 (9th Cir.2005) (citation omitted). An agency action is "final" when the action (1) is one by which "rights or obligations have been determined" and (2) marks the "consummation" of the agency's decision-making process, i.e., is not "merely tentative or interlocutory." *See id.* at 646 (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)).

> Under this definition, USCIS Field Office Director John M. Ramirez's decision to deny Plaintiffs' citizenship applications became final no later than when the opportunity for higher agency review had passed. The decision "determined rights or obligations" of American citizenship. And it marked the "consummation" of USCIS' decision-making process, as evident from the letter USCIS sent to Plaintiffs. (Doc. 14-1 at 5, 11.) The letter began with the prominent heading "**DECISION**". (*Id.* (emphasis in original).)

*Ortega-Morales*, 168 F. Supp. 3d at 1235 (internal citations omitted).

Plaintiff does not meaningfully challenge the lack of a final administrative denial in this case. (*See generally* Doc. 56.) Plaintiff's argument is limited to the assertion that USCIS' use of the word "plausible" did not amount to a final determination. (*See id.* at 8.) However, this disregards the notion that finality is based on the nature of the decision, not the language used in reaching the decision. Like the plaintiffs in *Ortega-Morales*, Plaintiff received a written letter regarding her N-600 application for Certificate of Citizenship, which began with the heading "**USCIS Decision to Reaffirm the N-600 Approval and Nullify the Order of Cancellation**". (Doc. 50-1 at 45 (emphasis in original).) There is no indication that the order was intended to be tentative or interlocutory. As a decision regarding an N-600 application for Certificate of Citizenship, it "determined the rights of obligations" of U.S. citizenship and marked the "consummation" of USCIS' decision-making process. *Indus. Customers*, 408 F.3d at 645; *Ortega-Morales*, 168 F. Supp. 3d at 1235. Moreover, the opportunity for higher agency review has passed, though immaterial here. (*See* Doc. 50-1 at 40 (explaining that an appeal must be filed within 30 days).) Thus, the decision to reaffirm is the final administrative action and it is not a denial of Plaintiff's N-600 application. Because there is no final administrative denial, which is a prerequisite to judicial consideration, the Court lacks jurisdiction. *See Ortega-Morales*, 168 F. Supp. 3d at 1235.[3]

**B.    Procedural Due Process**

Plaintiff seeks a declaration that Defendants violated 8 C.F.R. § 342.4, 8 U.S.C. § 1453[4], and Plaintiff's procedural due process rights when her Certificate was cancelled absent a hearing.[5] (*See*

---

[3] The Court declines to address whether the prior cancellation constitutes a final denial, as neither party directly addresses the issue in the briefing. (*See generally* Docs. 53, 56, 57.)

[4] 8 C.F.R. § 342.4 provides:

> If the respondent files an answer within the prescribed period asserting a defense to the allegations in the notice, or requests a personal appearance, with or without an answer, the district director shall designate a naturalization examiner to consider the case. The respondent shall be notified that he may appear in

7

1  Doc. 50 at ¶¶ 71-94, prayer.) Defendants argue this claim is moot because "[w]here [Plaintiff] has

2  prevailed at the agency level, there is no remaining remedy this Court may provide to address the

3  alleged previous due process violations." (Doc. 53 at 3-4.) Defendants also contend that Plaintiff

4  suffers no ongoing or lingering harm from the 2017 and 2019 decisions and that Plaintiff asks the

5  Court to "consider and order relief pertaining to a hearing that would have no legal consequence,

6  given that [Plaintiff] has already obtained the ultimate relief sought: citizenship." (*Id*. at 4; Doc. 57 at

7  3.) Plaintiff argues that her claim is not moot because it is "well-established" that the voluntary

8  cessation exception applies, and she has not received her "fully sought relief." (*See* Doc. 56 at 10-11.)

9              1.      Mootness

10      The case or controversy requirement of Article III of the Federal Constitution deprives the

11  Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70

12  (1983); *N.A.A.C.P., Western Region v. City of Richmond,* 743 F.2d 1346, 1352 (9th Cir. 1984); *see*

13  *also Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and

14  federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live

15  controversy exists.") (internal quotations omitted). To satisfy the requirement, "a litigant must have

16  suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow,* 464

17  U.S. at 70. Moreover, "an actual controversy must be extant at all stages of review, not merely at the

18  time the complaint is filed." *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (citations omitted). Thus,

19  "past exposure to alleged illegal conduct does not establish a present live controversy if

20  unaccompanied by any continuing present effect." *McClendon v. City of Albuquerque,* 100 F.3d 863,

---

22  person or through counsel with any witnesses and evidence in defense of the allegations, and shall be
      informed of the date, time, and place for such appearance.

23  8 C.F.R. § 342.4. 8 U.S.C. § 1453 states in part:
          [T]he person for or to whom such document or record has been issued or made shall be given at such
24        person's last-known place of address written notice of the intention to cancel such document or record
          with the reasons therefor and shall be given at least sixty days in which to show cause why such
25        document or record should not be canceled.

26  [5] Plaintiff also seeks a declaration that Defendants' "statement framing [Plaintiff's] citizenship as ***plausible***" is unlawful
      and unreasonable pursuant to the Fifth Amendment Due Process Clause of the United States Constitution, in violation of 8
      CFR § 342.4, and in violation of The Child Citizenship Act (8 U.S.C. § 1453; INA § 320). (Doc. 50, prayer) (emphasis in
27    original.) Plaintiff further alleges that through various "ambiguous" orders and acknowledgments of Plaintiff's status as a
      U.S. citizen, Defendants violated federal regulations and the U.S. Constitution. (*See id*. at ¶¶ 86, 90, 96.) However,
28    Plaintiff offers no authority to support the contention that the use of a particular word violates creates an ambiguity in
      violation of any of these laws. As such, these arguments are rejected.

8

867 (10th Cir. 1996). Accordingly, a case must be dismissed as moot if the Court "cannot grant 'any effectual relief whatever.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *see also Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."); *Utah Animal Rts. Coal. v. Salt Lake City Corp.,* 371 F.3d 1248, 1264 (10th Cir. 2004) (McConnell, J., concurring) ("It is not enough that a plaintiff wishes to have the moral satisfaction of a judicial ruling that he was right and his adversary was wrong; the relief sought must have legal effect in determining the present and future rights and obligations of the parties.").

Plaintiff alleges that when she filed her complaint, she had been denied a hearing prior to her Certificate of Citizenship being cancelled and was suffering an injury that could be redressed by the Court. However, once Plaintiff's Certificate was approved, the alleged denial of a hearing became moot. Plaintiff was no longer suffering an injury; rather, she suffered only past exposure to alleged illegal conduct. *McClendon,* 100 F.3d at 867. The alleged denial relates to the prior decision cancelling Plaintiff's certificate, which is no longer in effect. Plaintiff has not cited authority giving her a present right to a hearing, Plaintiff does not need a hearing, and most importantly, Plaintiff is not requesting a hearing. There is no effectual relief the Court can grant because there is no alleged injury to redress. At most, she could receive the moral satisfaction of a ruling that she was right, and the Defendants were wrong, which does not amount to an actual controversy justiciable by the Court. Thus, this claim is moot.

### 2.    Voluntary Cessation

To avoid mootness, Plaintiff argues that the voluntary cessation exception also applies to her due process claim. In doing so, Plaintiff relies upon *Fikre v. Federal Bureau of Investigation*, 904 F.3d 1033 (9th Cir. 2018). However, with respect to this claim, the facts are readily distinguishable.

*Fikre* involved government defendants placing the plaintiff, Yonas Fikre, on the "No Fly List" and then removing him after Fikre filed suit. *Fikre*, 904 F.3d at 1035. Fikre's relevant claim was that he was denied procedural due process when he was placed on the No Fly List without adequate notice and an opportunity to be heard. *Id*. at 1036. Fikre sought injunctive and declaratory relief and "asked,

among other things, for a declaration by the government that he should not have been added to the No Fly List." *Id*. The district court dismissed Fikre's remaining claims as moot. *Id*. at 1036-37, 1041. Based upon Fikre's placement on and subsequent removal from the No Fly List without explanation, the Court applied the voluntary cessation doctrine. *Id*. at 1037-41.

Plaintiff does not explain why the voluntary cessation doctrine applies to her due process claim. Rather, she appears to analogize to *Fikre* under the proposition that because she was denied a hearing, the doctrine applies. (*See* Doc. 56 at 10.) The distinction is that though Fikre's due process claim at the district court level was for being placed on the No Fly List without adequate notice and an opportunity to be heard, the issue on appeal—and the case Plaintiff cites to—was whether the case was moot in light of defendant's subsequent removal of Fikre from the No Fly List, triggering a voluntary cessation analysis. The challenged conduct under Plaintiff's due process claim is not the cancellation and reaffirmation of her Certificate, it is the alleged denial of a hearing prior to cancellation. (*See* Doc. 50 at ¶¶ 76, 77, 82; Doc. 56 at 10.) Unlike the challenged conduct relating to her Certificate, Plaintiff does not argue that she was granted a hearing, which was later denied, and then once again granted after suit was filed. Likewise, there is no indication that Defendants engaged in such activity. Accordingly, the voluntary cessation doctrine does not apply. The Court lacks jurisdiction and Plaintiff's procedural due process claim is dismissed as moot.

## C.    Declaratory Judgment Act

Plaintiff's third cause of action is for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 50 at ¶¶ 95-99.) Plaintiff alleges that "Defendants' actions and decisions relating to failure to provide [Plaintiff] with a hearing prior to revoking her certificate of citizenship, then issuing an [sic] ambiguous orders and letters regarding her status as a U.S. citizen and alleging that she is 'plausibly' a U.S. citizen violated federal regulations and [Plaintiff's] due process rights. (*Id*. at ¶ 96.) Plaintiff seeks a declaration that Defendants "have severally and jointly violated federal regulations, federal statute, and [Plaintiff's] due process rights and that [Plaintiff] is a U.S. citizen pursuant to 8 U.S.C. § 1431(a)." (*Id*. at ¶ 97.)

With respect to Plaintiff's prayer for a declaration that she is a citizen, her first cause of action under § 1503 provides grounds for the same relief she seeks. *See* 8 U.S.C. § 1503(a). Therefore,

1    Plaintiff does not need to bring a separate cause of action under § 2201 and to this extent, Plaintiff's

2    claim is dismissed as redundant. *See Villegas v. Clinton*, 2010 WL 5387553, at *6 (S.D. Tex. Dec. 20,

3    2010) ("Because the relief that [plaintiff] seeks is available under 8 U.S.C. § 1503, her stand-alone

4    claim for relief under 28 U.S.C. § 2201 is unnecessary and will be dismissed as redundant.") (*cited*

5    *with approval in Moncada v. Pompeo*, 2020 WL 1079301, at *3 (C.D. Cal. Feb. 3,

6    2020), *reconsideration denied sub nom. Roberto Moncada v. Mike Pompeo*, 2020 WL 7414738 (C.D.

7    Cal. Nov. 12, 2020)).

8         Plaintiff also seeks a declaration that Defendants violated "federal regulations, federal statute[6],

9    and [Plaintiff's] due process rights." (Doc. 50 at ¶ 97.) As discussed above, the regulation, statute, and

10   Constitutional rights Plaintiff refers to are with respect to her due process claim, which is dismissed as

11   moot. 28 U.S.C. § 2201 does not create an independent basis for jurisdiction. *See Benson v. State Bd.*

12   *of Parole & Prob.*, 384 F.2d 238, 240 (9th Cir. 1967) (holding that if a court lacks jurisdiction by

13   reason of mootness, the Declaratory Judgment Act is not available); *see also Longview Tugboat Co. v.*

14   *Jameson*, 218 F.2d 547, 548 (9th Cir. 1955) (The fact that appellant prayed for a declaration of rights

15   under the Declaratory Judgment Act, Title 28, §§ 2201, 2202, does not serve to furnish a groun[d] of

16   federal jurisdiction."). Accordingly, the Court lacks jurisdiction and Plaintiff's Declaratory Judgment

17   Act claim is dismissed in its entirety.

18   **III.    Motion to Dismiss under Rule 12(b)(6)**

19        Defendants also seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

20   (*See* Doc. 53 at 2.) Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the

21   motion to dismiss pursuant to Rule 12(b)(6) was rendered moot. Accordingly, the Court will not

22   address any arguments made with respect to that aspect of the motion.[7]

23

24

25   [6] Though Plaintiff does not clarify, the Court can reasonably conclude Plaintiff is referring to 8 U.S.C. § 1453 and 8 C.F.R.
     § 342.4. (*See* Doc. 50 at ¶¶ 89, 97, prayer.)

26   [7] Defendants' motion is devoid of any meaningful argument. As Plaintiff notes, the only conceivable argument in support of
     Defendants' motion to dismiss under 12(b)(6) is that Plaintiff does not plead with specificity the deficiencies in the decision
     to reaffirming Plaintiff's N-600 approval, and that Plaintiff does not plead with specificity the harm she is "presently
27   suffering." (Doc. 53 at 4.) Defendants continue that Plaintiff in unable to do so because she already obtained the relief she
     now seeks. (*Id.*) To the extent this is an attempted argument that Plaintiff fails to state a claim upon which relief may be
     granted, Defendants have failed to develop their argument or provide any legal support, thereby waiving the argument. *See*
28   *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments
     that are unsupported by pertinent authority, are waived"); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.

**IV.     Leave to Amend**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). Leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiff seeks leave to amend. (Doc. 56 at 13.) However, it appears any leave to amend would be futile because the Court lacks jurisdiction over Plaintiff's dismissed claims and Plaintiff's Declaratory Judgment Act claim is dismissed in part as redundant. Such deficiencies cannot be cured by amendment. Moreover, this Court has previously granted Plaintiff leave to amend. (Doc. 47.) Accordingly, leave to amend will be denied.

**V.     Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1.     Defendants' motion to dismiss under Rule 12(b)(1) (Doc. 53) is **GRANTED**.

2.     The action is **DISMISSED** without prejudice for lack of jurisdiction.

3.     The Clerk of Court is directed to close this matter.

IT IS SO ORDERED.

Dated:   **August 19, 2022**

UNITED STATES DISTRICT JUDGE

---

1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Thus, the Court would not address these arguments even if it had jurisdiction over any or all of Plaintiff's claims.

12